**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 8, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CESAR CUBA GARCIA,

Plaintiff - Appellant,

v.

DR. JOSEPH; VISTULA CURRY, Lt.;
DR. BROWN; JODIE BROWN, Deputy
Warden, Penitentiary of New Mexico;
WALTER COOPER, Warden,
Guadalupe County Correctional
Facility; STANLEY MOYA, Warden,
Penitentiary of New Mexico; MANUEL
PACHECO, Deputy Warden,
Penitentiary of New Mexico; JOHNNY
ARIAS, Unit Manager, Penitentiary of
New Mexico; LILIAN CHUMBLEY;
RUDY GONSALES,

Defendants - Appellees.

No. 10-2143

(D. New Mexico)

(D.C. No. 2:07-CV-00643-RB-WDS)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After examining the appellate briefs and the appellate record, this court has determined unanimously that oral argument would not materially assist the resolution of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Proceeding *pro se*, New Mexico state prisoner Cesar Cuba Garcia appeals the district court's dismissal of the civil rights complaint he brought pursuant to 42 U.S.C. § 1983. Garcia's amended complaint was filed on September 13, 2007, and included claims against ten defendants. Eight of the defendants were identified as employees of the Guadalupe County Correctional Facility in Santa Rosa, New Mexico (the "Santa Rosa Defendants"). The remaining two defendants, Drs. Joseph and Brown (the "Los Lunas Defendants"), were employed in the Mental Health Treatment Center at the Central New Mexico Correctional Facility in Los Lunas, New Mexico. Garcia alleged that one of the Santa Rosa Defendants, Lieutenant Vistula Curry, sexually harassed him and the remaining Santa Rosa Defendants retaliated against him for pursuing claims against Curry. Garcia also alleged the Los Lunas Defendants interfered with his right to access the courts and were deliberately indifferent to his medical needs, all in violation of his First, Eighth, and Fourteenth Amendment rights.

The Santa Rosa Defendants moved to dismiss Garcia's complaint, arguing, *inter alia*, that he failed to exhaust his administrative remedies. The district court granted the motion and dismissed Garcia's complaint without prejudice. The Los

Lunas Defendants were not served with process. The district court, however, dismissed Garcia's claims against the Los Lunas Defendants, concluding Garcia's complaint failed to state a claim on which relief could be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Garcia appeals the dismissal of all claims.[1]

This court conducts a de novo review of a dismissal for failure to exhaust administrative remedies. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). The Prison Litigation Reform Act ("PLRA"), requires that a prisoner exhaust available administrative remedies prior to filing a § 1983 action with respect to prison conditions. 42 U.S.C. § 1997e(a). This court has held that "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies." *Jernigan*, 304 F.3d at 1032; *see also Jones v. Bock*, 549 U.S. 199, 218 (2007) ("[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules . . . ." (quotation omitted)). There is evidence in the record that administrative remedies were available to Garcia but he failed to pursue any

---

[1]Garcia's appellate brief does not specifically identify the issues he seeks to appeal or contain any focused argument challenging the conclusions reached by the district court. Because Garcia is proceeding *pro se*, we construe his brief liberally and "have tried to discern the kernel of the issues [he] wishes to present on appeal." *de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007). We do not, however, "take on the responsibility of serving as [Garcia's] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

remedy to completion. Thus, the district court correctly concluded Garcia failed to employ the administrative remedies available to him with respect to the claims asserted against the Santa Rosa Defendants in his complaint. *See id.* at 1032-33. The district court's judgment dismissing Garcia's claims against the Santa Rosa Defendants without prejudice is **affirmed**.

A district court's decision to dismiss a prisoner's complaint pursuant to § 1915(e)(2)(B) for failure to state a claim is reviewed de novo. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). For substantially the same reasons stated by the district court, we conclude Garcia's complaint fails to state a plausible claim for relief against the Los Lunas Defendants. *See id.* at 1218. Accordingly, the district court's judgment dismissing the claims against the Los Lunas Defendants with prejudice is **affirmed**.

Garcia's application to proceed *in forma pauperis* on appeal is **granted**, but he is reminded he remains obligated to continue making partial payments until his appellate filing fee is paid in full. *See* 28 U.S.C. § 1915(b). All other outstanding motions are **denied**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge